(No. 14186.—Decree affirmed.)
SARAH A. WEIR, Appellant, *vs.* JAMES HANN *et al.*
Appellees.

*Opinion filed February 22, 1922.*

1. DEEDS—*when a deed is ambulatory.* Where a grantor delivers a deed to a depositary, intending that it shall be delivered to a grantee on condition that the grantor makes no other disposition of the property before his death, the intended disposition of the property is ambulatory until the death of the grantor and can be accomplished only by an instrument which conforms to the Statute of Wills.

2. SAME—*what constitutes a valid delivery.* Where a grantor executes a deed and places it in the control of a third party in accordance with its recitals, to be delivered to the grantee after the grantor's death, the latter reserving to herself no right to recall or to revoke the deed, there is a valid delivery, although no reason appears why the deed, which reserved a life estate in the grantor, was not delivered directly to the grantee, who was present when it was executed.

APPEAL from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

GRAHAM & DYSERT, (THOMAS A. GRAHAM, of counsel,) for appellant.

LINDLEY, PENWELL & LINDLEY, (WALTER C. LINDLEY, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Sarah A. Weir, appellant, filed her bill in the circuit court of Vermilion county to declare invalid and a cloud on her title a certain deed executed by her to James Hann to her home property, consisting of a house and a small tract of land. She charged that she was imposed upon by Hann, and that he unlawfully, without any authority from her, took possession of the deed and delivered it to John H. Lewman as custodian, who refuses to surrender the same to her, and that the deed in question was never delivered

by her. James Hann and Mary Hann, his wife, appellees,
were made parties to the bill. An answer was filed by ap-
pellees, and the cause was referred to the master in chan-
cery for proofs and findings, who took and reported the
evidence. He found the facts against appellant and recom-
mended the bill be dismissed for want of equity. Objec-
tions were filed to the master's report and were by him
overruled. The court overruled appellant's exceptions to
the master's ruling and entered a decree dismissing her bill
for want of equity.

The deed of appellant to James Hann was a short-form
statutory warranty deed and was duly executed by her be-
fore W. O. Edwards, a notary public, on March 27, 1919.
There was a reservation of a life estate and a provision
that the deed should be delivered to a third party to be
agreed upon, and these provisions were written in the deed
immediately following the description of the premises in this
language: "Said grantor expressly reserves unto herself
a life estate in the above described real estate. Said deed
to be delivered in escrow to some third party agreed upon,
and by that party to be delivered to the grantee upon the
death of the said grantor."

The main and controlling question in this case presented
for our decision is whether or not there was a delivery of
the deed by appellant to her grantee.

The facts proved and found by the master and the court
are substantially the following: Appellant at the time she
executed the deed was about sixty-five years of age and
without any business experience or education and has very
defective hearing. She can neither read nor write. Shortly
before the execution of the deed she had sold a little farm
upon which she and her husband had lived up to his death
and with the proceeds she purchased the premises in ques-
tion of William Hall and Mary Hall for $1800. James
Hann handled the negotiations for the property for her
up to the time it was deeded to her by Hall. Hann had

lived with her and her husband on said farm near Perrysville, Indiana, from the time he was three years old until he was twenty-three years of age. It appears that he thought he was entitled to some recompense for the services he had performed for appellant and her husband while living on the farm, and appellant was disposed to recognize that fact and to make him the owner of the premises in question at her death, in accordance with an express recognition of Hann's rights by her husband previous to his death, although there was no contractual obligation between the appellant and Hann or between her husband and Hann. The deed of the Halls was executed and delivered to appellant on the same day the deed in question was executed. Both deeds were drawn by W. O. Edwards and acknowledged before him as a notary public in his office. He had previously been appellant's attorney in other matters. The Halls and appellees and appellant were together in Edwards' office when the deed of the Halls was executed and delivered to appellant. Just after that deed was delivered appellant told Edwards she wanted Hann to have the property but she wanted to reserve a life estate, and asked him how that could be done. He suggested to her a will, and upon her inquiry told her that if she made a will in favor of Hann she could dispose of her property at any time she saw fit. Appellant said that she did not like to make a will because wills were so easily broken. She stated to Edwards several times, in the presence of the Halls and of appellees, that she wanted to make a deed to Hann with a reservation that she could sell the property herself after she had made the deed and at any time in her life. Edwards told her that if she made a deed to Hann and delivered it to him or anybody for him she could not thereafter sell the property, but that if she made a deed and kept it herself without delivering it she could sell the land at any time thereafter. He also told her that if she made a deed to Hann reserving a life estate and delivered it to Hann or

anybody for him she could not thereafter sell the property but only her life estate in the premises. She was very emphatic in her statement that she did not want a will and finally asked Edwards to make a deed for her to Hann. Both the Halls and appellees and Edwards testified to the foregoing facts. The Halls left Edwards' office before the deed in question was written. Edwards then prepared the deed and read it to appellant after it was written, and according to his testimony he explained the meaning of the words in the deed before she executed it, and she finally executed it without objection and acknowledged it before him as a notary. Appellees in their testimony corroborated Edwards' testimony. The deed was not delivered in Edwards' office by appellant. It was taken from his office and from his table either by Hann or by appellant. Appellant and appellees then went to the court house in Danville, to the office of John H. Lewman, State's attorney of Vermilion county. Hann handed the deed to Lewman and something was said to Lewman about his holding the deed, and he was informed that they had decided that he should hold the deed in escrow. He took the deed and examined it and called appellant's attention to the fact that the deed did not have any stamp on it. Hann then left the office and secured a stamp and Lewman put it on the deed. Lewman's testimony is positively to the effect that he talked to appellant about the deed and explained to her that if it was left in his hands in escrow it would have to stay there until her death and then be delivered to Hann, and that she made no objection, and that he said the property would be out of her control entirely, except as to her life estate. She said to him that she wanted to get the rent from it, but did not say to him anything about wanting to sell it during her lifetime, or that she wanted the right to sell it at any time through life. Lewman then secured an envelope and put the deed in it, wrote a memorandum on the envelope, sealed it up, put it in his safe, and showed them

where in his safe he put it. He read to appellant and Hann the words he had written on the envelope, and testified that they acquiesced in what he had written. The memorandum written on the envelope is in this language:

"Deed from Sarah Weir to James A. Hann, Danville, Illinois, March 27, 1919. The within delivered this 27th day of March, 1919, to John H. Lewman in escrow, to be delivered by him to said James A. Hann at the death of said Sarah Weir. Delivered to me by said Sarah Weir in person. No reservation except that Mrs. Weir is to use said real estate or rent the same if she sees fit, as long as she sees fit.          J. H. LEWMAN."

Appellant is very positive in her testimony that no one ever read the deed to her, and that she did not know what was in it from her own knowledge or from what anyone read to her from it, and that she relied upon what she was told was in the deed. Her testimony is also very positive to the effect that she told Edwards that she wanted the deed made so that she would have the right, at any time in her life, to sell the entire property after getting the deed to Hann into her possession. She also testified that Lewman told her that she would have the right to sell the property at any time, and that she told him that was just what she wanted. Her testimony is also to the effect that she is very hard of hearing, and that she did not hear him say at any time that if she left the deed with him it would have to stay there until after her death and be delivered to Hann. Lewman was corroborated in his testimony by both appellees.

The facts in this case are rather peculiar. There is a reservation of a life estate, as is already seen, in the deed. It recites expressly that the deed is to be delivered in escrow to a party to be agreed upon and by that party delivered to the grantee at the death of the grantor. In other words, the recitals in the deed are against the contentions of the appellant and provide for an absolute delivery by the third party. Hann would have obtained no more title or right in the premises if the deed had been delivered to him direct on the day the grantor signed it. When an instru-

ment is put in escrow it is usually to be delivered upon the happening or performance of some condition. That is the case with this deed,—that is, it is to be delivered after the grantor's death. There is, in fact, no reason why the deed should not have been delivered the day it was signed if the understanding between the parties at the State's attorney's office and at Edwards' office was to the effect that Hann should be conveyed the property in fee, subject to appellant's life estate. This is the only circumstance that tends to support or corroborate appellant's contentions in this case.

Where a grantor delivers a deed to a depositary intending that it should be delivered to a grantee on condition that the grantor makes no other disposition of the property before his death, the intended disposition of the property is ambulatory until the death of the grantor and can only be accomplished by an instrument in writing conforming to the Statute of Wills. (*Linn* v. *Linn,* 261 Ill. 606.) But the weight of the evidence in this case, according to the finding of the court, is against the contention of appellant on the question of the delivery of the deed. The deed itself, when it was established that the contents thereof were made known to her, is evidence against her on the proposition as to how the custodian should hold the deed and the conditions on which he should deliver it. We are unable to say, under the evidence, that the findings of the court and master are not supported by the evidence.

Under the law there was a delivery of the deed sufficient to pass the title to the grantee. Where a grantor executes a deed and places it in the control of a third party, to be delivered to the grantee after the grantor's death, the latter reserving to himself no right to recall or revoke the same, such facts constitute a valid delivery. *Shea* v. *Murphy,* 164 Ill. 614; *Latimer* v. *Latimer,* 174 id. 418; *Hudson* v. *Hudson,* 287 id. 286.

The decree of the circuit court is supported by the evidence, and it is affirmed.          *Decree affirmed.*